FILED
6/17/25 2:35 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| JULIUS HAYWOOD, | ) | Case No. 21-22166-JAD |
| | ) | |
| Debtor. | ) | RE: ECF No. 90 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | X | |
| | ) | |
| JULIUS HAYWOOD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST XI C/O FAY SERVICING, LLC, | ) ) ) ) ) ) | |
| | ) | |
| Respondent. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | X | |

## ORDER VACATING DEFAULT JUDGMENT, SETTING RESPONSE DEADLINE, REOPENING DISCOVERY, SCHEDULING EVIDENTIARY HEARING, AND GIVING NOTICE OF RULE 11 OBLIGATIONS

Upon consideration of the Debtor's *Motion to Reconsider Order Granting Relief from Stay* filed at ECF No. 90, regarding the Default Order previously entered in favor of U.S. Bank National Association, not in its individual capacity but solely as trustee of NRZ Pass-Through Trust XI c/o Fay Servicing, LLC (the "Lender"), and it appearing that the original order was entered as a default due to the Debtor's failure to timely oppose the underlying Motion for Relief from Stay, and the Court being advised that the Debtor now seeks to present a substantive defense on the merits, and further it appearing that:

A. Default judgments, including default relief orders, are **disfavored** in federal court practice. See Harad v. Aenta Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988)([t]he Third Circuit recognizes the "policy disfavoring default judgments and encouraging decisions on the merits."); see also Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008) ("[D]efault judgments are generally disfavored in our circuit."); Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.").

B. There is a strong **judicial policy favoring resolution of disputes on their merits**, especially where there has been no substantial prejudice to the non-defaulting party and a potentially meritorious defense is asserted. See In re Cantwell, 17 B.R. 639, 641, n.3 (Bankr.E.D.Pa.1982) (citing cases); In re Main, 111 B.R. 535 (Bankr. W.D. Pa. 1990) (default judgment refused despite one month delay in answer where no prejudice and meritorious defense shown in answer).

C. The Debtor has asserted that the Lender is not a secured creditor with a valid mortgage interest in the real property at issue, although the Lender has produced a recorded mortgage to rebut that assertion.

Accordingly, and for good cause shown, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. The Default Order Granting Relief from the Automatic Stay, filed at ECF No. 88 is hereby **VACATED** to permit adjudication of the contested matter on the merits, consistent with the policy favoring resolution of disputes through adversarial process.

2. The Debtor shall file and serve a formal **response or objection** to the Motion for Relief from Stay within **seven (7) days** of the date of this Order.

3. The parties may undertake reasonable and proportional discovery with respect to the issues raised in the motion and any defenses, consistent with the procedures under applicable rules and local rules. Discovery shall be completed within **60 days** of the date of this Order.

4. The Court will conduct an in-person **evidentiary hearing/trial** on the Motion for Relief from Stay and any asserted defenses on **Tuesday, July 22, 2025 at 10:00 AM**, in Courtroom D, 54th Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

5. By no later than **July 15, 2025**, the parties shall (a) exchange witness lists identifying witnesses the parties intend to call at trial, and (b) exchange exhibits and other evidence that such parties intend to utilize at trial (regardless of whether they intend to offer them into evidence). After the exchange of witness lists and proposed exhibits and other evidence, counsel to the parties are directed to meet and confer (either in-person or by use of remote technologies) to resolve potential evidentiary objections to the same. By no later than **July 18, 2025**, counsel for each party shall file a *Joint Status Report* which (a) summarizes the dates and times in which counsel conferred, (b) identifies whether counsel obtained (or attempted to obtain) a good faith resolution of evidentiary objections, and (c) identifies and describes all agreements regarding the admissibility and/or use of exhibits at trial, and where objections still exist identifies and describes the factual and legal basis of any remaining evidentiary objection to be addressed at trial.

6. By no later than **July 18, 2025**, Pretrial Statements of the parties shall be filed on the docket, with 2 duplicate copies furnished to Chambers, and served upon opposing counsel and shall include:

    a. <u>Witness List</u>. A list of the witnesses anticipated to testify at trial.

b. <u>Exhibits</u>. Includes all documents or materials that a party anticipates using at trial. Exhibits shall be premarked in a binder (Movant's exhibits marked as "Movant No. __" and Respondent's exhibits marked as "Respondent No. __"), indexed, and tabbed for ease of use at trial.

c. <u>Statement of Uncontested Facts</u>. A statement of facts to which there is no genuine dispute.

d. <u>Statement of facts which are in dispute</u>. No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the disputed fact on credibility grounds. The Pretrial Statement should identify which material facts are in dispute, and the basis of such dispute.

e. <u>Statement of what the parties intend to prove</u>. A statement of what the party intends to prove at trial, including the basis for seeking relief from the automatic stay, any defenses thereto, valuation of collateral, and the extent and/or validity of any asserted liens or property interests.

f. <u>Applicable law governing claims and defenses including burdens of proof</u>. For the relief being pursued (or any defenses thereto), identify the following: (i) the constitutional, statutory, regulatory, and decisional authorities being relied upon for each position; (ii) the elements which must be satisfied to prevail on each claim for relief or defense; and (iii) identify which party bears the burden of production and/or proof on each element, and if any presumptions arise concerning such elements then identify such presumptions. Also list any additional legal issues (e.g., presumptions, affirmative defenses, etc.) that will be relevant to the court's disposition of the matter, the

    authority pertinent to each legal issue, and the party which bears the burden or production and/or proof on the issue.

    g. The Court may impose appropriate sanctions (including monetary sanctions, preclusion of evidence, dismissal of the motion with prejudice, or entry of judgment in favor of the non-offending party) for any unexcused failure to comply with this Order or other Court orders. The parties and their counsel shall govern themselves accordingly.

7. Pending further Order of the Court, the automatic stay shall remain in effect.

8. Counsel for the Debtor is advised that the production by the Movant/Lender of a recorded mortgage raises serious questions as to the factual and legal basis for the Debtor's asserted defense. Pursuant to Bankruptcy Rule 9011, which incorporates the provisions of Fed. R. Civ. P. 11, counsel is on **notice** that any defense presented must be grounded in fact and law. If it is determined that the defense lacks evidentiary or legal support or is otherwise frivolous or asserted for an improper purpose, the Court **may impose appropriate sanctions**, including but not limited to monetary penalties and/or referral for disciplinary review.

**IT IS SO ORDERED.**

Date: June 3, 2025

jsf
The Honorable Jeffery A. Deller
United States Bankruptcy Judge

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-22166-JAD |
| Julius Haywood | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Jun 17, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 19, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Julius Haywood, 1418 Wesley Street, Pittsburgh, PA 15221-1851 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jun 19, 2025 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 17, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Danielle Boyle-Ebersole | on behalf of Creditor U.S. Bank National Association  not in its individual capacity but solely as trustee of NRZ Pass-Through Trust XI dboyle-ebersole@hoflawgroup.com, ckohn@hoflawgroup.com |
| Denise Carlon | on behalf of Creditor U.S. Bank National Association  not in its individual capacity but solely as Trustee for the NRZ dcarlon@kmllawgroup.com |
| Denise Carlon | on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity, but solely as Trustee for the NRZ Pass-Through Trust XVIII dcarlon@kmllawgroup.com |
| Jeffrey Hunt | on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com PNGbankruptcy@peoples-gas.com |
| Jeffrey R. Hunt | on behalf of Creditor County of Allegheny jhunt@grblaw.com |

Case 21-22166-JAD    Doc 100    Filed 06/19/25    Entered 06/20/25 00:28:46    Desc
Imaged Certificate of Notice    Page 7 of 7

| District/off: 0315-2 | User: auto | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jun 17, 2025 | Form ID: pdf900 | Total Noticed: 1 |

Jeffrey R. Hunt
    on behalf of Defendant County Of Allegheny jhunt@grblaw.com

Jeffrey R. Hunt
    on behalf of Creditor Pittsburgh Water & Sewer Authority jhunt@grblaw.com

Jennifer L. Cerce
    on behalf of Defendant Borough of Wilkinsburg jlc@mbm-law.net

Jennifer L. Cerce
    on behalf of Defendant Wilkinsburg School District jlc@mbm-law.net

Jennifer L. Cerce
    on behalf of Creditor Wilkinsburg School District and Wilkinsburg Borough jlc@mbm-law.net

Karina Velter
    on behalf of Creditor NRZ Pass-Through Trust II  U.S. Bank National Association as trustee c/o Fay Servicing, LLC karina.velter@powerskirn.com, Kaitlyn.Pemper@powerskirn.com

Keri P. Ebeck
    on behalf of Creditor City of Pittsburgh and School District of Pittsburgh kebeck@bernsteinlaw.com btemple@bernsteinlaw.com;aepiscopo@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com

Laurence A. Mester
    on behalf of Creditor Capital One Auto Finance  a division of Capital One, N.A., c/o AIS Portfolio Services, LP lmester@mesterschwartz.com, jschwartz@mesterschwartz.com

Laurence A. Mester
    on behalf of Creditor Capital One Auto Finance lmester@mesterschwartz.com jschwartz@mesterschwartz.com

Michael S. Geisler
    on behalf of Debtor Julius Haywood m.s.geisler@att.net msgeis@yahoo.com;michaelgeisler13@gmail.com;r52973@notify.bestcase.com

Michael S. Geisler
    on behalf of Plaintiff Julius Haywood m.s.geisler@att.net msgeis@yahoo.com;michaelgeisler13@gmail.com;r52973@notify.bestcase.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

S. James Wallace
    on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com PNGbankruptcy@peoples-gas.com

TOTAL: 19